EL PUEBLO, DEMANDANTE Y APELADO, *v.* SANDERS PHILIPPI Y COMPAÑÍA, ACUSADA Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en causa por infracción a la Ley No. 24, sección 5ª., aprobada en 23 de noviembre de 1917.

No. 1560.—Resuelto en mayo 23, 1921.

DENUNCIA—EXCEPCIÓN PERENTORIA TARDÍAMENTE PRESENTADA—OBJECIONES A LA DENUNCIA.—El Tribunal Supremo no tomará en consideración las objeciones a una resolución de la corte inferior declarando sin lugar una excepción perentoria a la denuncia por no cumplir los requisitos exigidos por los artículos 71, 72 y 73 del Código de Enjuiciamiento Criminal, el No. 1 del artículo 153 del Código Penal y por imputarse más de un delito, cuando dicha excepción ha sido presentada en el acto del juicio.

INFRACCIÓN A LA LEY SOBRE ANOTACIÓN DE EMBARQUES DE CAFÉ—EXPORTACIÓN DE CAFÉ.—De acuerdo con el No. 9 del artículo 69 de la Ley de Evidencia en un juicio por infracción a la Ley No. 24 de 1917 es admisible una certificación librada por el Sub-Colector de la Aduana de San Juan para probar que los acusados hicieron embarques de café para el extranjero en determinada fecha.

ID.—PRUEBA SUFICIENTE.—Probado que una razón social dejó de anotar en el libro que lleva por exigencia de la Ley No. 24 de 1917, ciertos embarques de café que hizo en determinada fecha para Cuba y España, es necesario concluir que la culpabilidad de la acusada quedó suficientemente establecida.

ID.—SENTENCIA CASTIGANDO UNA SOLA INFRACCIÓN.—El hecho de que la prueba demostrara que los acusados habían cometido en más de una ocasión el delito por el cual fueron convictos, no puede justificar la revocación de la sentencia.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. B. García Méndez.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Sanders Philippi & Cía. fueron denunciados en 14 de febrero de 1920 por infracción de la sección 5ª. de la Ley No. 24 de 23 de noviembre de 1917 por haber dejado de anotar en el libro de existencia y movimiento de café para la exportación las operaciones de exportación de café hechas durante algunos meses anteriores a la fecha de la denuncia. Dictada sentencia condenatoria interpusieron este recurso de apelación.

Esa ley tiene por objeto legalizar la procedencia del café que se exporte de esta Isla mediante el uso de ciertos sellos adheridos a los envases que contengan el café que se ha de exportar; y en ella se dispone que todas las personas comprendidas en la ley llevarán un libro apropiado en el cual harán constar los mismos datos que se requieren para las solicitudes de sellos que han de hacerse al colector o subcolector del municipio por el que haya de hacerse el embarque.

De los tres únicos motivos alegados por los apelantes para que revoquemos la sentencia contra la cual recurren es el primero que la corte inferior cometió error al declarar sin lugar la excepción perentoria que alegó contra la denuncia, fundada en que no cumplía con los requisitos establecidos por los artículos 71, 72 y 73 del Código de Enjuiciamiento Criminal ni el inciso 1°. del artículo 153 del Código Penal y porque imputa más de un delito, pero habiendo sido presentada la excepción el mismo día del juicio no debemos considerarla según hemos resuelto en los casos de *El Pueblo* v. *París,* 25 D. P. R. 111; *El Pueblo* v. *Rosaly, y El Pueblo* v. *González,* 28 D. P. R. 475 y 786.

En el segundo motivo de error se quejan los apelantes de haber sido admitida indebidamente en el juicio una certificación librada por el sub-colector de la Aduana de San Juan creditiva de que los apelantes hicieron embarques de

café para Cuba y España en los meses de noviembre y diciembre de 1919, por entender que debió dicho funcionario presentarse en el juicio con sus libros. No era necesario esto y la certificación era admisible porque el artículo 69 de la Ley de Evidencia en su párrafo 9º. dispone que los documentos de los departamentos del Gobierno de los Estados Unidos podrán probarse mediante el certificado del guardador legal de los mismos, y la aduana es uno de dichos departamentos.

El último motivo es por haber sido denegada la petición de los apelantes para que la corte inferior los absolviera por no haber presentado la acusación prueba suficiente para condenarlos.

Se probó en el juicio que los apelantes tienen el libro ordenado por la sección 5 de dicha ley para anotar en él los embarques de café que hagan para el extranjero y que dejaron de hacer en él las anotaciones de los embarques del café que en los meses de noviembre y diciembre de 1919 exportaron para Cuba y España por lo que no podemos declarar que no hubo prueba de la infracción de que se les acusó, sin que sea obstáculo para la condena el hecho de que otro agente de rentas internas que inspeccionó dicho libro dejara de notar las faltas de dichos asientos.

En cuanto a que la prueba demuestra que se trata de varias infracciones de la ley, si bien es cierto que se han probado dos faltas de anotación de embarques y que cada una es constitutiva de un delito, sin embargo no habiendo los acusados hecho objeción a la denuncia antes del juicio renunciaron a ella, 14 R. C. L., 203, y no pueden suscitar esta cuestión en apelación ni quejarse porque se les haya condenado y castigado como si fuera un solo delito el cometido por ellos.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Hutchison.

El Juez Asociado Sr. Wolf disintió.